Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

HONOLD ENTERPRISES, INC. dba BURGERS & BEER, BEST BURGERS IN TOWN, INC. dba BURGERS & BEER, BURGERS & BEER, INC. dba BURGERS & BEER, BURBEER, INC. dba BURGERS & BEER, AND DOES 1-5, INCLUSIVE,

Defendants.

Case No. **'18CV2014 DMS NLS**

**COMPLAINT**

- **CIVIL RIGHTS**
- **EMPLOYMENT DISCRIMINATION**

**(42 U.S.C. §§2000e, et seq.)**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Nickolas Madrid

(referred to herein as "Charging Party") and a class of similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 26-30 of this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission asserts that Defendants Honold Enterprises, Inc., and Does 1-5 (collectively referred to herein as "Defendants" or "Burgers & Beer"), subjected Charging Party and a class of similarly aggrieved individuals to disparate treatment in violation of Title VII. All Defendants engaged in a pattern or practice of hiring predominantly females over males for server positions. This action also seeks appropriate relief for Defendants' failure or refusal to make, preserve, and produce records and reports relevant to the determination of whether unlawful employment practices have been or are being committed, including all non-successful applications for employment with Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 42 U.S.C. § 2000e-6, ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California and Central District of California. The unlawful employment decisions were ratified in the Southern District of California.

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff,"

"EEOC," or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Honold Enterprises, Inc. has continuously been a California corporation doing business in Riverside County, State of California, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Honold Enterprises, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

7. At all relevant times, Best Burgers In Town, Inc. has continuously been a California corporation doing business in Riverside County, State of California, and has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant Best Burgers In Town, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

9. At all relevant times, Burgers & Beer, Inc. has continuously been a California corporation doing business in Imperial County, State of California. Burgers & Beer, Inc. has continuously had at least fifteen (15) employees.

10. At all relevant times, Defendant Burgers & Beer, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

11. At all relevant times, BurBeer, Inc. has continuously been a California corporation doing business in Imperial County, State of California, and has continuously had at least fifteen (15) employees.

12. At all relevant times, Defendant BurBeer, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

13. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

14. Throughout their existence, Honold Enterprises, Inc., Best Burgers In Town, Inc, Burgers & Beer, Inc., and BurBeer, Inc. have continuously been a joint employers with a central, corporate headquarters in El Centro, California which generally controlled the terms and conditions of the employment of the Charging Party and other employees.

15. The managers from each of the six Burgers & Beers restaurants have contact with the Burgers & Beer corporate headquarters multiple times a week regarding new employee paperwork, employee files, sales strategy, storage, uniforms, and restaurant merchandise.

16. On a regular basis, Burgers & Beer employees will travel to other stores to help out when they are short handed. When the Temecula, California store opened in 2015, many of the employees at opening had come from the other Burgers & Beer locations.

17. All four of the Burgers & Beer corporations are directed by various members of the Honold family, including Kurt Honold, Marco A. Honold, and Jaime Honold.

18. Burgers & Beer shares one employee handbook and gives the same standard forms to all employees across the six restaurants.

19. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. The Commission reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

**STATEMENT OF CLAIMS**

20. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

21. On March 9, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Charging Party was denied a promotion, hire, and/or transfer into an open server position based on his sex, male, in violation of Title VII. The Commission made a further like and related finding that there was reasonable cause to believe that a class of male applicants and employees were denied promotions, hire, and/or transfer into open server positions based on their sex, male, in violation of Title VII. The Commission made a further finding that the Defendant failed to comply with Section 1602 of Title 29 Code of Federal Regulations by not keeping payroll or other records for each employee for one year from date of making of the record and also failed to keep all personnel records relevant to the charge in violation of Title VII. The Commission further invited Defendant to join with the Commission in informal

methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

22. The Commission engaged in communications with Defendant Burgers & Beer to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

23. The Commission was unable to secure through informal methods of conciliation, from Defendant Burgers & Beer a conciliation agreement acceptable to the Commission.

24. On July 2, 2018, the Commission issued to Defendant Burgers & Beer a Notice of Failure of Conciliation.

25. All conditions precedent to the initiation of this lawsuit have been fulfilled.

26. Since at least 2015, Defendants have engaged in unlawful employment practices in violation of §§ 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) by denying the Charging Party and a class of similarly aggrieved individuals promotions, hires, and/or transfer based on their sex. The unlawful employment practices include but are not limited to:

   a. Refusing to promote Charging Party Nickolas Madrid to the position of server because of his sex, male;
   b. Deterring and discouraging male employees from seeking promotion and/or transfer to the position of server in response to their efforts to apply and/or inquire about job openings;
   c. Favoring female job applicants over male job applicants for the position of server in all Burgers & Beer locations, including Temecula, Rancho Mirage, El Centro, El Centro Mall, and La Quinta because of their sex;
   d. Favoring female employees over male employees for the promotion and/or transfer to the position of server in all Burgers &

Beer locations, including Temecula, Rancho Mirage, El Centro, El Centro Mall, and La Quinta because of their sex;

27. Charging Party Madrid began working for Burgers & Beer in April 2015 at the Temecula restaurant as a busser. His understanding was that he would eventually be promoted to server. On August 13, 2015, Madrid was told by a manager that he would be promoted to the server position, and received a food test and server tools. The following day, Madrid turned in his test, only to be told that the offer had been rescinded, because the owners only wanted female servers like at Hooters or Tilted Kilt.

28. Another male employee came in to the Temecula restaurant with his girlfriend before it was opened in 2015 and both applied for a job. Neither had any experience serving before. As the male applicant was filling out the application, he was told to put any position besides server on the application, because those were for females only. The male applicant was hired as busser and his girlfriend was hired as a server. The male employee later asked about server positions, but was told those positions were only for females, per the owners.

29. Another male employee in the Temecula location asked about becoming a server. However, he was told that they were only hiring female servers. That employee never asked or applied for the position of server because it was clear to him that they were only looking for female servers.

30. In 2016, 91.7%, or 132 out of 144 of the servers working for Defendant Burgers & Beer in California were female. Only 12 male servers employed were male.

31. The effect of the practices complained as described in paragraphs 26-30 has been to deprive Charging Party and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their sex, male.

32. The unlawful employment practices complained of in paragraphs 26-

30 above were intentional and caused Charging Party and a class of aggrieved individuals to suffer emotional distress.

33. The unlawful employment practices complained of in paragraphs 26-30 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of aggrieved individuals. Such practices as described above have been ongoing in giving preference to female applicants and employees. This practice and preference, on information and belief, systemically applied throughout all of the named Defendants.

34. Since at least 2015, Defendant Burgers & Beer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, §§ 1602.7-1602.14, to make, preserve, and produce records relevant to the determination of whether unlawful employment practices have been or are being committed:

    a. Defendants did not produce applications for individuals who unsuccessfully applied or attempted to apply for employment with Defendant Burgers & Beer from 2015 to present.

    b. Defendants' failure to make and preserve applications for all individuals who applied or attempted to apply for employment since at least 2015, violated Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, §§ 1602.7-1602.14.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging any employment practice which discriminates on the basis of sex;

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII;

C. Order Defendants to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order an injunction against Defendants from any future failure to make, preserve, and produce records and reports as required by Title VII and EEOC regulations issued thereunder.

E. Order Defendants to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

F. Order each Defendant to pay Charging Party and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

G. Award the Commission its costs of this action; and

H. Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: August 28, 2018 Respectfully Submitted

JAMES L. LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

By: ______________________
ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION